JOHN W. HUBER, United States Attorney (#7226)
ADAM ELGGREN, Assistant United States Attorney (#11064)
Attorneys for the United States of America
111 South Main Street, Suite 1800, Salt Lake City, Utah 84111-2176
T: (801) 524-5682 | F: (801) 524-3399 | Email: adam.elggren@usdoj.gov

FILED
U.S. DISTRICT COURT
2017 MAR 27 A 11: 37
DISTRICT OF UTAH
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> 26 Firearms and 8,499 Rounds of Ammunition, <br><br> Defendants *in Rem*. | VERIFIED COMPLAINT FOR FORFEITURE *IN REM* <br><br><br> Case: 2:17-cv-00232 <br> Assigned To : Nuffer, David <br> Assign. Date : 03/27/2017 <br> Description: USA v. 26 Firearms et al |

Pursuant to Supplemental Rule G(2) of the Federal Rules of Civil Procedure, the United States of America files this *in rem* action for forfeiture. The United States alleges:

**NATURE OF THE ACTION**

1. This is a judicial forfeiture action under 18 U.S.C. § 924(d)(1). The United States seeks to forfeit the property listed in Exhibit A (hereinafter, collectively "Defendant Firearms") because the Defendant Firearms were involved in or used in a knowing violation of 18 U.S.C. § 922(g)(3), which prohibits the possession of a firearm and ammunition by a person who is an unlawful user of or addicted to any controlled substance.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345 and over an action for forfeiture under 28 U.S.C. § 1355(a).

3. *In rem* jurisdiction is proper over the Defendant Firearms in this case under 28

1

U.S.C. § 1355.

4. Venue in this Court is proper under 28 U.S.C. § 1355(b) because the acts or omissions giving rise to the forfeiture occurred in the District of Utah and under 28 U.S.C. § 1395 because the Defendant Firearms identified above were seized in the District of Utah.

5. This action is timely filed in accordance with 18 U.S.C. § 983(a)(3)(A).

## PARTIES

6. Plaintiff is the United States of America.

7. The Defendant Firearms are identified as the firearms and ammunition listed in Exhibit A.

8. The Defendant Firearms were seized on September 29, 2016 and are currently in the custody of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF").

## FACTS AND CIRCUMSTANCES SUPPORTING FORFEITURE

9. During 2016, the DEA began an investigation after it learned that Anthony Gamble was dealing prescription pain pills and marijuana from his residence located at 4227 W. Midway Drive, West Valley City, Utah.

10. Investigators discovered the following indicators of illegal drug use and trafficking from the residence:

   a. In a Division of Child and Family Services report, two children who had been staying at the Midway Drive residence reported their father and two roommates using drugs at the home. The two roommates were Anthony Gamble and Lacey Ballow.

   b. Surveillance revealed short-term traffic to and from the residence, a common pattern seen in drug trafficking.

c. Three surveillance cameras were located on the home's front side.

d. Trash pulls revealed evidence of drug paraphernalia used to ingest heroin and pills; sandwich bags with leftover small pieces of marijuana; packaging for large quantities of narcotics; and two boxes with labels for AR-15 upper receivers (a component used to build fully functioning AR-15 rifles).

11. On or about September 29, 2016, law enforcement officers executed a search warrant of the residence located at 4227 S. Midway Drive, West Valley City, Utah. The residence was occupied by Anthony Gamble and Lacey Ballow.

12. During the execution of the search warrant, law enforcement officers located and seized narcotics, narcotics paraphernalia, currency, firearms, and ammunition, including the Defendant Firearms. In addition, officers located packages containing AR-15 80% lower receivers, jigs, and tools necessary to complete the lower receivers. They also found a finished/assembled lower, and a large quantity of metal shavings near the jigs and various tools in the garage, which indicates that some of the AR-15 80% lower receivers had been completed.

13. During the search warrant execution, law enforcement officers interviewed Anthony Gamble. After being advised of his Miranda rights, which he understood and waived, Mr. Gamble spoke to officers about the investigation. Mr. Gamble admitted the following:

a. He is and has been addicted to opiate based substances, like OxyContin and oxycodone pills, for several years. He has also used marijuana, cocaine, and opium in the past.

b. He has used cocaine within a week of the seizure, contemporaneously with his possession of firearms, and he had used opiate-based narcotics within four hours of the interview.

c. He bought and sold illicit opiate-based narcotic pills from time to time, but denied any involvement in large-scale distribution of pills.

d. He received a large settlement from a car accident and used the settlement money to purchase ninety AR-15 80% lower receivers and ninety AR-15 upper receivers, and kits in order to make functioning AR-15 rifles.

e. He has not completed any rifles for sale, but has allowed other individuals to buy these components; and that he has allowed the purchasers to use his jigs and tools to complete the AR-15's in the garage of the residence.

f. He does not know what he will do with all of the finished AR-15's. He is mainly a collector of firearms and does not like to sell them. However, law enforcement officers located a picture of a completed AR-15 on Mr. Gamble's Facebook page that was for sale. When asked how many firearms he had sold, Mr. Gamble did not want to answer.

g. He carries a pistol on his person on a regular basis, but not for his protection; and he had never displayed or used the pistol and carries it out of habit.

h. The firearms and narcotics at the residence were easily accessible to children.

14. During the search warrant execution, law enforcement officers also interviewed Lacey Ballow at the residence. After being advised of her Miranda rights, which she understood and waived, Ms. Ballow admitted the following:

a. She has been addicted to opiate based narcotics for years, specifically OxyContin 30 mg tablets, which she consumes either orally or by crushing them and smoking them.

b. She possessed a loaded pistol that she kept by her bedside for protection and that

her fingerprints would likely be found on that pistol. However, she does not own, nor did she purchase the pistol.

c. She has never carried a firearm for protection, and that all of the firearms located in the residence belonged to Mr. Gamble.

d. Mr. Gamble purchased all of the items and materials to make rifles. Ms. Ballow understood that Mr. Gamble was going to obtain a license to legally manufacture and sell the rifles, but had not done so.

e. She had not observed Mr. Gamble selling any guns, but Mr. Gamble had talked about going into business with a friend who had a license. She had observed Mr. Gamble's friend make a rifle at the residence using Mr. Gamble's equipment and materials.

15. On or about January 9, 2017, ATF Special Agent J. Schmidt completed a firearms trace on all of the firearms found at Mr. Gamble's residence including the Defendant Firearms. The trace report showed the following:

a. One of the firearms, which is not a Defendant Firearm in this complaint, traced to a purchase by Julie Hays. Ms. Hays is the mother of Mr. Gamble and has made a claim to the Defendant Firearms, but has no documentation evidencing her ownership of those firearms.

b. Four of the Defendant Firearms traced as being purchased by Mr. Gamble.

16. On or about March 14, 2017, ATF Special Agent Tyler Olson determined that the firearms were manufactured outside the State of Utah, and therefore traveled in interstate and/or foreign commerce to arrive in the state.

17. Based on the foregoing, the Defendant Firearms are subject to forfeiture to the United States of America.

## COUNT I
## 18 U.S.C. § 924(d)(1)
**(Forfeiture of firearms involved in or used in a knowing violation of 18 U.S.C. § 922(g)(3))**

18. The United States reasserts all allegations previously made.

19. Title 18, United States Code, Section 924(d)(1) provides for the forfeiture of any firearms involved in or used or intended to be used in a knowing violation of 18 U.S.C. § 922(g).

20. As set forth above, the Defendant Firearms were involved in or used in a violation of 18 U.S.C. § 922(g)(3) and are subject to civil forfeiture under 18 U.S.C. § 924(d)(1) which prohibits the possession of a firearm and ammunition by a person who is an unlawful user of or addicted to any controlled substance.

## REQUEST FOR RELIEF

WHEREFORE, the United States respectfully asserts that the Defendant Firearms are forfeitable to the United States under 18 U.S.C. § 924(d)(1).

The United States further requests:

A. That, pursuant to the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Rule G(3)(b)(i), the Clerk of the Court issue a Warrant and Summons for Arrest of Articles *In Rem* as to the Defendant Firearms listed in Exhibit A;

B. That notice of this action be given to all persons known or thought to have an interest in or right against the property;

C. That the Defendant Firearms be forfeited and condemned to the United States of

America;

D. That after trial, the Court decree, confirm, enforce and order an Order of Forfeiture as to the Defendant Firearms to the United States; and thus order the United States Marshal, or his delegate, to dispose of the defendant property as provided by law; and

E. Award Plaintiff, the United States, its costs of Court and all further relief to which it is entitled.

Dated this 29th day of March, 2017.

JOHN W. HUBER
United States Attorney

/s/ Adam Elggren
ADAM ELGGREN
Assistant United States Attorney

# VERIFICATION

I, Special Agent Jason A. Schmidt, hereby verify and declare under penalty of perjury that I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives, that I have read the foregoing Verified Complaint *In Rem* and know the contents thereof, and that the matters contained in the complaint are true to my own knowledge, except that those matters not within my own personal knowledge are alleged on information and belief, and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with other officers, as a Special Agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Executed on this 27th day of March, 2017.

/s/ Jason A. Schmidt
Jason A. Schmidt, Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives